NATIONAL WATER CO. v. HERTZ.

(Circuit Court, D. New Jersey. April 13, 1909.)

No. 5,406.

TRADE-MARKS AND TRADE-NAMES (§ 70*)—UNFAIR COMPETITION—IMITATION OF NAMES AND LABELS.

Complainant and its predecessors in business, having sold water for many years throughout the United States under the name of "White Rock Lithia Water," were entitled to an injunction restraining defendant from selling water taken from public wells under the name "Beacon Rock Lithia Water," in bottles of the same shape, size, and color as complainant's bottles, bearing labels of the same general appearance as those used by plaintiffs, and containing other language raising a reasonable but false, inference that defendant had no proprietary right in the source from which its water was derived, but was the "sole agent" of such a proprietor in vending the water.

[Ed. Note.—For other cases, see Trade-Marks and Trade-Names, Cent. Dig. § 81; Dec. Dig. § 70.*

Unfair competition, see notes to Scheuer v. Muller, 20 C. C. A. 165; Lare v. Harper & Bros., 30 C. C. A. 376.]

In Equity. Suit by the National Water Company against Maurice Hertz, trading as the Camden Bottling Company, to restrain an alleged unlawful competition in the sale of lithia water. Injunction granted.

Philipp, Sawyer, Rice & Kennedy, for complainant.
Wilson, Carr & Stackhouse, for defendant.

LANNING, Circuit Judge. This is an injunction case. It is much like the suit brought by the same complainant against O'Connell, reported in 159 Fed. 1001. In that case Judge McPherson allowed an injunction to restrain the defendant from vending water under the name of "High Rock Lithia Water" in such manner as would be likely to deceive purchasers of the complainant's product, known as "White Rock Lithia Water." The principles of that case will plainly control my decision in this. Judge McPherson's opinion in that case was affirmed by the Circuit Court of Appeals in 161 Fed. 545.

In the present case the defendant is putting upon the market water which he calls "Beacon Rock Lithia Water." The size, shape, and color of the bottles in which the defendant's water is marketed, and the color and general appearance of the labels on the defendant's bottles, all taken together, present an appearance which I am satisfied is quite likely to deceive purchasers using ordinary care. The defendant's label declares to the world that the water in the bottle to which the label is attached is "Beacon Rock Lithia Water." A reasonable inference from this language is that the water comes from some rock to which the name "Beacon" has been given. The fact is, however, that it comes from the public wells of the city of Camden, N. J.

Furthermore, the defendant does business under the name of "Camden Bottling Company." On the bottom of his label is printed the fol-

lowing: "Camden Bottling Company, Camden, N. J., Sole Agents." A reasonable inference from this language is that, although the Camden Bottling Company has no proprietary right in the source from which the water comes, it has a contract with the proprietor by which it is permitted to act as the proprietor's sole agent in vending "Beacon Rock Water." Of course, this is not true, since the water comes from the Camden water supply.

These facts, taken with the striking similarity of the defendant's packages to those of the complainant, satisfy me that the case comes well within the principles applied in the O'Connell Case.

A decree for injunction will be granted. Its terms will be settled on notice by the complainant to the defendant.